# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Comerica Bank, a Texas banking association,

   Plaintiff,

v.

James Esshaki, individually and as Trustee of the James Esshaki Living Trust dated April 25, 1991, as amended and restated; Bernadette Esshaki, individually; Essco, Inc., a Marshall Islands non-resident domestic corporation; Essco International Restaurants, LLC, a Michigan limited liability company, and Essco Development-Southgate, LLC, a Michigan limited liability company, jointly and severally.

   Defendants.

Case No. 2:17-cv-11019

Hon. Paul D. Borman

Mag. Mona K. Majzoub

---

| | |
|---|---|
| Steven A. Roach (P39555) | Michael C. Hammer (P41705) |
| Nelson O. Ropke (P67575) | Doron Yitzchaki (P72044) |
| Miller, Canfield, Paddock and Stone PLC | Dickinson Wright PLLC |
| 150 W. Jefferson Ave., Ste 250 | 350 S. Main Street, Suite 300 |
| Detroit, MI 48226 | Ann Arbor, MI 48104 |
| (313) 963-6420 | (734) 623-1947 |
| roach@millercanfield.com | mchammer2@dickinsonwright.com |
| *Attorneys for Plaintiffs* | dyitzchaki@dickinsonwright.com |
| | *Attorneys for Defendants* |

/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

Defendants James Esshaki, Bernadette Esshaki, Essco, Inc., Essco International Restaurants, LLC, and Essco Development-Southgate, LLC, by and through their counsel Dickinson Wright PLLC, respectfully request that the Court strike Plaintiff's Motion for Summary Judgment because it was filed in violation of the Court's Civil Case Management and Scheduling Order.

On July 26, 2017, pursuant to Local Rule 7.1(a), Defendants' counsel sought Plaintiff's concurrence in this motion and explained the nature of the motion and its legal basis but did not obtain concurrence in the relief sought.

In support of their motion, Defendants rely on the facts and authorities set forth in the accompanying brief.

WHEREFORE, Defendants respectfully request that the Court strike Plaintiff's Motion for Summary Judgment and grant Defendants such further relief as the Court deems just and equitable.

                Respectfully submitted:

                DICKINSON WRIGHT PLLC

                By: /s/ Doron Yitzchaki
                Michael C. Hammer (P41705)
                Doron Yitzchaki (P72044)
                350 S. Main Street, Suite 300
                Ann Arbor, Michigan 48104
                734-623-1647
                mhammer@dickinsonwright.com
                dyitzchaki@dickinsonwright.com
Dated:  July 31, 2017        *Attorneys for Defendants*

## **ISSUES PRESENTED**

1. Should the Court strike Plaintiff's Motion for Summary Judgment where Plaintiff filed the Motion prior to the close of fact and expert discovery without seeking leave of the Court, contrary to Court's Civil Case Management and Scheduling Order?

      **Defendants answer: Yes**

2. Should the Court strike Plaintiff's Motion for Summary Judgment where are there are no extraordinary circumstances and discovery in the case has just begun?

      **Defendants answer: Yes.**

## **CONTROLLING AUTHORITY**

*Civil Case Management and Scheduling Order* (Docket No. 22)

*Livonia Public Schools v. Selective Ins. Co of the Southeast*, Case No. 16-cv-10324, 2017 WL 875300 (E.D. Mich., March 6, 2017)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Comerica Bank, a Texas banking association,

      Plaintiff,

v.

James Esshaki, individually and as Trustee of the James Esshaki Living Trust dated April 25, 1991, as amended and restated; Bernadette Esshaki, individually; Essco, Inc., a Marshall Islands non-resident domestic corporation; Essco International Restaurants, LLC, a Michigan limited liability company, and Essco Development-Southgate, LLC, a Michigan limited liability company, jointly and severally.

      Defendants.

Case No.  2:17-cv-11019

Hon. Paul D. Borman

Mag. Mona K. Majzoub

---

| | |
|---|---|
| Steven A. Roach (P39555) | Michael C. Hammer (P41705) |
| Nelson O. Ropke (P67575) | Doron Yitzchaki (P72044) |
| Miller, Canfield, Paddock and Stone PLC | Dickinson Wright PLLC |
| 150 W. Jefferson Ave., Ste 250 | 350 S. Main Street, Suite 300 |
| Detroit, MI 48226 | Ann Arbor, MI 48104 |
| (313) 963-6420 | (734) 623-1947 |
| roach@millercanfield.com | mchammer2@dickinsonwright.com |
| *Attorneys for Plaintiffs* | dyitzchaki@dickinsonwright.com |
| | *Attorneys for Defendants* |

    /

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION AND BACKGROUND

The Court should strike Plaintiff's Motion for Summary Judgment (Docket No. 23, the "SJ Motion") because it was filed in violation of the Court's Civil Case Management and Scheduling Order (Docket No. 22, the "Case Management Order").

On June 30, 2017, the Parties filed their Joint Rule 26(f) Report (Docket No. 21, the "Report"). In the Report, Plaintiff stated its desire to file an early motion for summary judgment. Upon receiving the Report, the Court's Case Manager immediately advised Plaintiff's counsel by e-mail that Plaintiff was required to file a motion seeking leave to file an early motion for summary judgment. The Court's Case Manager further advised Plaintiff's counsel that the Court would refrain from issuing a scheduling order until such motion was decided.

The Court then refrained for three weeks before entering a scheduling order to allow Plaintiff time to file a motion for leave to file an early motion for summary judgment. Plaintiff never did so.

On July 21, the Court issued the Case Management Order, which provides for fact discovery through January 19, 2018 and for expert discovery through February 19, 2018. The Case Management Order clearly states:

> **Absent extraordinary circumstances communicated to the Court in the form of a motion seeking relief from this rule**, motions for summary judgment should be filed after the close of fact and expert discovery[.]

6

Case Management Order § II(H) (emphasis added).

Three days later, on July 24, Plaintiff filed the SJ Motion without seeking leave of the Court. This itself was a violation of the Case Management Order. Moreover, as further explained below, there are no "extraordinary circumstances" that justify relief from the Case Management Order in this case, and Plaintiff's SJ Motion is otherwise premature because discovery in this case has just begun. Indeed, initial disclosures are not even due until August 7 and Defendants just served their first set of document requests on Plaintiff a few days ago. In short, the Court should strike Plaintiff's SJ Motion and allow discovery to proceed in accordance with the Case Management Order.

## II. ARGUMENT

It is well-settled that the Court has the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, the Court's Case Management Order clearly requires that a party file a motion seeking leave to file a motion for summary judgment prior to the close of fact and expert discovery, and that such motion for leave demonstrate "extraordinary circumstances." Plaintiff simply disregarded the Case Management Order. For this reason alone, the Court should strike Plaintiff's SJ Motion.

Moreover, there are no "extraordinary circumstances" that justify relief from the Case Management Order in this case. The Court recently addressed this

issue in *Livonia Public Schools v. Selective Ins. Co of the Southeast*, Case No. 16-cv-10324, 2017 WL 875300 (E.D. Mich., March 6, 2017). In *Livonia*, the plaintiffs filed a motion seeking to file an early motion for summary judgment two months prior to the close of fact discovery. The plaintiffs argued that the case turned on legal issues and what plaintiff characterized as "unequivocal admissions" in certain of the defendants' documents. The Court rejected the argument that these constituted "extraordinary circumstances". Instead, the Court held that "the resolution of pure questions of law is what summary judgment is designed for, and the presence of such questions in a case does not itself constitute special circumstances as would justify the filing of premature summary judgment motions." *Livonia*, 2017 WL 875300 at *2. The Court in *Livonia* further noted that if the plaintiffs believed the defendants were "engaging in bad-faith delay tactics" the plaintiffs could address such issues "through the Court's standard procedures for moving for summary judgment after the close of discovery." *Id.*

Consistent with the Court's decision in *Livonia*, there is no extraordinary circumstance justifying deviation from Section II(H) of the Case Management Order here. Indeed, there is even less justifying because in *Livonia* the defendants had already been afforded several months of fact discovery prior to plaintiffs' filing their motion for leave to file an early motion for summary judgment. Here, discovery has just begun, initial disclosures are not even due until August 7 and

Defendants just served their first set of document requests on Plaintiff a few days ago. The Court should allow discovery to proceed in accordance with the Case Management Order.

Finally, the Court should strike Plaintiff's SJ Motion for the additional reason that it appears that the SJ Motion was filed at this early stage of the case, at least in part, to prevent the case from getting to facilitation. The Case Management Order requires facilitation by March 19, 2018.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's Motion for Summary Judgment and grant Defendants such further relief as the Court deems just and equitable.

Respectfully submitted:

DICKINSON WRIGHT PLLC

By: /s/ Doron Yitzchaki
Michael C. Hammer (P41705)
Doron Yitzchaki (P72044)
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
734-623-1947
mhammer@dickinsonwright.com
dyitzchaki@dickinsonwright.com
*Attorneys for Defendants*

Dated:  July 31, 2017

## PROOF OF SERVICE

The foregoing was electronically filed on July 31, 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

Respectfully submitted:

DICKINSON WRIGHT PLLC

By: /s/ Doron Yitzchaki
Doron Yitzchaki (P72044)

ANNARBOR 63412-3 229862v1

10