UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

    Plaintiff,

v.

JAMES ESSHAKI, individually and as
Trustee of the JAMES ESSHAKI LIVING
TRUST dated April 25, 1991, as amended
and restated; BERNADETTE ESSHAKI;
ESSCO, INC; ESSCO INTERNATIONAL
RESTAURANTS, LLC; and ESSCO
DEVELOPMENT-SOUTHGATE, LLC,

    Defendants.
_____/

Case No. 17-11019

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

# OPINION AND ORDER:
## (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT (ECF NO. 28);
## (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 23);
## (3) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 25); AND
## (4) AMENDING SCHEDULING ORDER TO EXPEDITE DISCOVERY

Plaintiff Comerica Bank filed this lawsuit on March 30, 2017 (ECF No. 1) to recover on four loans made to certain of the Defendants and now alleged to be in default, as well as various guaranties of those loans made by certain other of the Defendants. In a July 21, 2017 Civil Case Management and Scheduling Order, this Court set the close of fact discovery on January 19, 2018, and the close of expert

discovery on February 19, 2018. (ECF No. 22 at 1.) Three days after the Court entered the Civil Case Management and Scheduling Order, Plaintiff filed a Motion for Summary Judgment. (ECF No. 23.) The parties have since filed a flurry of briefs concerning that Motion: Defendants' Motion to Strike (ECF No. 25), and Plaintiff's subsequent Motion for Leave to File Motion for Summary Judgment that Plaintiff filed in support of it (ECF No. 28). The substance of Plaintiff's position is that because Defendants admitted that they executed the relevant contracts and guaranties, and because Defendants have also admitted that they did not make all payments required of them under those contracts and guaranties, the Court should grant summary judgment to Plaintiff immediately. The Court disagrees, and concludes that Plaintiff has not demonstrated the existence of extraordinary circumstances that would justify the disposition of its Motion for Summary Judgment at this early stage in the litigation.

Paragraph H of the Scheduling Order provides that "[a]bsent extraordinary circumstances communicated to the Court in the form of a motion seeking relief from this rule, motions for summary judgment should be filed after the close of fact and expert discovery and only one motion for summary judgment may be filed." (ECF No. 22 at 5.) This is consistent with the well-established principle that before ruling on a summary judgment motion, a district court "must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott*

*v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). And while a party whose case has been challenged by a summary judgment motion generally "bears the obligation to inform the district court of his need for discovery," this obligation may be reduced when that motion is filed before any discovery is conducted at all. *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) (reversing a grant of summary judgment, even though the non-movant raised his need for discovery for the first time after summary judgment was entered against him, owing to "the fact that *no* discovery was conducted before the motion for summary judgment was filed and decided") (emphasis in original).

The Sixth Circuit has held that it is not an abuse of discretion for a district court to deny a party's request for discovery, filed in opposition to a summary judgment motion, when that party has made "only general and conclusory statements . . . regarding the need for more discovery . . . ." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004). This is true of Defendants' blanket assertion that they "have requested documents necessary to evaluate the veracity of Plaintiff's claims and to support Defendant[s'] defenses" (ECF No. 26 at 2)—although this could also be reasonably read to incorporate the various affirmative defenses that Defendants did in fact assert when they answered the Complaint.

3

(ECF No. 15 at 18.)

This Court need not opine on whether Defendants' responses are too general or conclusory to justify discovery, however, because it is apparent from the parties' various submissions that at least some discovery is warranted before this Court can properly entertain any motions for summary judgment.

First, Plaintiff is correct that "Defendants admit in their answer that they signed their respective [promissory] notes and guaranties [and that] they stopped making payments . . . ." (ECF No. 27 at 4; *see also* ECF No. 15 ¶¶ 14-23, 25-27, 29, 31, 33-34.) Plaintiff is mistaken, however, in its contention that Defendants admit they are in default on all the various obligations. (ECF No. 27 at 4.) Defendants specifically denied these allegations. (ECF No. 15 ¶¶ 35-40.) Second, Plaintiff maintains that "Defendants have not contested the amounts owed" on the various obligations (ECF No. 27 at 4), but the fact that Defendants have not done so at this stage does not amount to a specific admission or denial—which, the Court notes, could be obtained in discovery.[1] Third, as mentioned above, Defendants asserted various affirmative defenses in its answer to the Complaint.

---

[1] In a similar vein, Plaintiff asserts that "[o]n June 12, 2017, [Plaintiff] provided Defendants the loan history for the Notes" and that Defendants have made "no objections to the loan histories." (ECF No. 23 at 22 (quoting ECF No. 23 Ex. R, Declaration of Sarah R. Miller).) Here again, the absence of such an objection at this point in the litigation does not constitute an admission by Defendants, but there is another problem with the argument: the "loan histories," which Plaintiff states are attached as an exhibit to the Miller Declaration, are *completely absent from the record*, thus preventing any independent evaluation of them by the Court.

(ECF No. 15 at 18.) All of these issues implicate exactly the sort of fact questions that discovery is designed to help parties litigate.

Plaintiff also argues that an additional extraordinary circumstance is present in this case: that any delay in adjudicating Plaintiff's Motion for Summary Judgment would allow Defendants to conceal assets so as to frustrate future collection of their debts. Specifically, Plaintiff maintains that Michigan's recently-enacted Qualified Dispositions in Trust Act, Mich. Comp. Laws § 700.1041 *et seq.*, creates a vehicle for the transfer of assets that shields them from the reach of creditors, and allows those creditors only a two-year window to challenge such transfers. Plaintiff then claims that it has "reason to believe" that Defendant James Esshaki has made one more asset transfers of this variety (ECF No. 30 at 6 n.1), and specifies one: the transfer of Defendants James and Bernadette Esshaki's "marital home to their Qualified Personal Residence Trust by a quit claim deed dated September 22, 2012." (ECF No. 27 at 5; Ex. A.)

The Court need not reach the question of whether a fraudulent transfer risk constitutes extraordinary circumstances justifying a departure from this Court's standard practice of entertaining summary judgment motions only after discovery, because even if so, Plaintiff has failed to demonstrate that such a risk exists in the case at bar. While Plaintiff claims that the 2012 real estate transfer was "undertaken after Defendants had defaulted on their loans and while they were

unable to pay their debts as they came due" (ECF No. 27 at 5), nothing in the record developed thus far suggests that any Defendant defaulted on any obligation at any time prior to January 2017. Moreover, as Defendants point out, the Qualified Dispositions in Trust Act by its terms applies only to asset transfers made after its effective date of March 8, 2017, *see* Mich. Comp. Laws § 700.1050(1), and it thus cannot encompass the 2012 real estate transfer. This does not establish that Plaintiff's concerns about asset transfers are baseless, of course, but absent evidence or even specific allegations that any such transfers were made *after* the statute's effective date—yet another factual gap that could be filled through discovery—the Court does not see these concerns as grounds for proceeding to the summary judgment phase prematurely. Accordingly, the Court will deny Plaintiff's Motion for Leave to File Motion for Summary Judgment, and deny Plaintiff's Motion for Summary Judgment without prejudice.[2]

For the reasons stated above, the Court hereby DENIES Plaintiff's Motion

---

[2] The Court notes that striking Plaintiff's Motion for Summary Judgment under Rule 12 of the Federal Rules of Civil Procedure, to the extent that this is the relief that Defendants seek in their own Motion, would be procedurally improper. Under that Rule, "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Pleadings," as the word is used in Rule 12, refers to "seven narrow classes of documents defined in Rule 7(a). Motions and accompanying briefs are not pleadings, nor are responses to motions or other submitted memoranda." *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 864 (E.D. Mich. 2015) (collecting cases); *see also Adams v. Calhoun Cty. Corr. Facility*, No. 1:08-CV-1192, 2010 WL 882833, at *4 (W.D. Mich. Mar. 9, 2010) ("A motion for summary judgment is not a 'pleading.'").

for Leave to File Motion for Summary Judgment (ECF No. 28), and DENIES WITHOUT PREJUDICE Plaintiff's Motion for Summary Judgment (ECF No. 23). On the basis of these rulings, the Court also DENIES AS MOOT Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment.

Because Defendants have not contested the loan documents, the Court will amend its Scheduling Order to shorten the time period for discovery, and require expedited discovery.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: September 14, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2017.

s/D. Tofil
Deborah Tofil, Case Manager